FILED & JUDGMENT ENTERED
David E. Weich

May 23 2008

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
George R. Hodges
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
SHELBY DIVISION

| | |
|---|---|
| In re: | ) Case No. 07-40628 |
| | ) Chapter 13 |
| **BARRI SHAWN LOFTIS** | ) |
| **KAREN PHILEMON LOFTIS,** | ) |
| | ) |
| Debtors. | ) |

**ORDER DENYING MOTIONS TO AVOID JUDICIAL LIENS**

This matter comes before the court upon the debtors' Motions to Avoid Judicial Liens of Lucille D. Catterton, Donald Culp, American General Finance, and Rutherford Hospital, Inc. In each of their Motions to Avoid Judicial Liens, the debtors seek the entry of an order avoiding judicial liens pursuant to 11 U.S.C. § 522(f). In support of their motions, the debtors argue as follows:

> [T]he schedules filed in th[e] case indicate that the debtors have no real property to which the lien could attach at this time. The debtors' residential real property was abandoned in the plan. However, the lien if not avoided would attach to any real property acquired by the debtors within the statutory life of the judgment. The existence of the balance of the

respondent's lien on movants' real property impairs the exemption to which movants would be entitled under 11 U.S.C. § 522(b).

The debtors' Schedule A indicates that they own real property at 380 Briarwood Drive, Rutherfordton, North Carolina, as tenants by the entirety (the "Property"). The Property served as the debtor's primary residence. A review of Schedule D reflects that the judgments of Lucille D. Catterton, Donald Culp, and American General Finance were entered against either the male debtor or the female debtor individually. Thus, it appears they do not have judicial liens to avoid. As Judge Stocks held in In re Locust, 2005 W.L 1288616 (Bankr. M.D.N.C. 2005), "a judgment against one spouse is not a lien against property held as tenants by the entirety. . . . It follows that the judgment referred to in the motion does not constitute a judicial lien against Debtor's homestead since such homestead is owned as a tenancy by the entirety and the judgment is against the Debtor alone. Hence, there is no judicial lien to avoid and no grounds for relief under § 522(f)(1)(A)."

The same principles would apply in this case. Therefore, the court finds that Lucille D. Catterton, Donald Culp, and American General Finance do not have judicial liens to avoid and there is no basis for relief under § 522(f). Accordingly, the Motions to Avoid Liens against Lucille D. Catterton, Donald Culp, and American General Finance are **DENIED.**

2

Unlike the judgments of Lucille D. Catterton, Donald Culp, and American General Finance, the judgment of Rutherford Hospital is a joint debt of the debtors.  However, the motion to avoid the lien of Rutherford Hospital is moot because the debtors surrendered the Property in their Chapter 13 Plan and agreed to the entry of a Consent Order granting relief from stay on the Property.  The Consent Order Granting Relief from the Automatic Stay was entered on December 21, 2007.  Accordingly, there is no property for debtor's to protect by way of exemption and, therefore, no exemption to be impaired and no basis for relief under § 522(f).  Therefore, the debtor's Motion to Avoid Judicial Lien of Rutherford Hospital, Inc. is also **DENIED.**

Finally, the court notes that it is neither appropriate nor necessary for debtors to file such motions to avoid liens to protect future acquired property.  As the court summarized in In re Locust, 2005 WL 1288616 (Bankr. M.D.N.C. 2005):

> Even though the Debtor is not entitled to relief under § 522(f)(1)(A), he does receive relief under § 524(a)(1) which protects him from the judgment in question.  Pursuant to § 524(a)(1) a discharge "voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived. . . ."  Thus, assuming that the Debtor receives a discharge in this case and the debt underlying the judgment thereby is discharged, such discharge will void the judgment.  Once the judgment is voided under § 524 it cannot thereafter affix to or become a lien against the homestead upon the

3

> termination of the tenancy by the entirety or other real property acquired by the Debtor in the future.

See Locust, 2005 WL 1288616, at *1 (citations omitted). In addition, the discharge "operates as an injunction against the commencement or continuation of an action . . . to collect . . . any [discharged] debt as a personal liability of the debtor. . . ." See 11 U.S.C. § 524(a)(2). Thus, the discharge injunction prevents judgment creditors from attaching liens to real property debtors may acquire in the future.

**This Order has been signed electronically.**     **United States Bankruptcy Court**
**The Judge's signature and Court's seal**
**appear at the top of the Order.**

4